**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **A.L.M.,** | |
| *Plaintiff,* | No. 26-cv-02230 |
| v. | |
| **KRISTI NOEM,** *et al.*, | **ORDER** |
| *Defendants.* | |

**THIS MATTER** comes before the Court upon Plaintiff A.L.M.'s ("Plaintiff") Complaint for a Writ of Mandamus against Defendants Kristi Noem ("Noem"), Joseph Edlow ("Edlow"), and Thomas Schuumans ("Schuumans") (collectively, "Defendants").[1] (ECF No. 1); and

**WHEREAS**, Plaintiff alleges that Defendants have failed to adjudicate Plaintiff's application for T Nonimmigrant Status under 8 U.S.C. § 1101(a)(15)(T) ("T-Visa Application"), which has been pending since October 27, 2025, and asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Mandamus Act, 28 U.S.C. § 1361, based on that administrative delay. (Compl., ECF No. 1 ¶¶ 7, 22, 32–44). The Court previously *sua sponte* raised the issue of subject matter jurisdiction over Plaintiff's claims. (*See* ECF No. 4); *Perry v. Gonzales*, 472 F. Supp. 2d 623, 625 (D.N.J. 2007) (stating district courts have a "continuing obligation to *sua sponte* raise the issue of subject-matter jurisdiction" and may dismiss a case where such

---

[1] All claims are asserted against Defendants in their official capacities: Noem, as Secretary of the Department of Homeland Security ("DHS"); Edlow, as Acting Director of the United States Citizenship and Immigration Services ("USCIS"); and Schuumans, as Director of the USCIS Nebraska Service Center, which oversees "the processing of all applications for immigration benefits filed with the service center." (Compl., ECF No. 1 ¶¶ 2–4). If any Defendant has resigned or otherwise ceased to hold office as of the date of this Order, that Defendant's successor is automatically substituted as a party. FED. R. CIV. P. 25(d).

1

jurisdiction is lacking). The parties thereafter briefed the issue. (*See* ECF Nos. 5 (Pl.'s Br.), 9 (Defs.' Br.), 12 (Pl.'s Reply)); and

**WHEREAS**, "[w]here, as here, a plaintiff seeks to compel agency action unlawfully withheld or unreasonably delayed, courts treat claims under the APA and Mandamus Act co-extensively." *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *4 (D.N.J. Mar. 4, 2024) (citing *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010)); *see Bokhari v. Bitter*, No. 23-1947, 2024 WL 244211, at *1 (D.N.J. Jan. 22, 2024) (expressing that plaintiff's "Mandamus Act claim is subsumed by his APA claim" and thus "duplicative")). To have jurisdiction under the APA or Mandamus Act for an unreasonably delayed action, a plaintiff must make a two-part showing. First, the plaintiff must identify a mandatory, nondiscretionary duty. *Azam*, 2024 WL 912516, at *7 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). Then, the plaintiff must point to "provisions establishing a specific time frame" for adjudicating visa applications. *Id.* (quotation omitted); and

**WHEREAS**, the Court lacks subject matter jurisdiction over Plaintiff's claims. Although the applicable regulations impose a nondiscretionary duty on USCIS to adjudicate applications like Plaintiff's, *see* 8 C.F.R. §§ 214.204(m) ("USCIS *will* conduct an initial review to determine if the application is bona fide . . . ." (emphasis added)), (n) ("After completing its review of the application and evidence, USCIS *will* issue a decision approving or denying the application . . . ." (emphasis added)), they do not require USCIS to act within any specified period. To be sure, "an agency must abide by its own regulations." *Fort Stewart Schs. v. Fed. Lab. Rels. Auth.*, 495 U.S. 641, 654 (1990). But "nothing in federal law governing consular officials' . . . adjudication of visa applications imposes a particular deadline." *Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022). Accordingly, the Court lacks subject matter jurisdiction over

Plaintiff's APA and Mandamus Act claims and therefore may not assess the reasonableness of Defendants' delay in adjudicating Plaintiff's T-Visa Application under the factors set forth in *Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120 (3d Cir. 1998);[2] and

**WHEREAS**, in their submissions, Plaintiff relies on several decisions from the Eastern District of Pennsylvania finding subject matter jurisdiction over similar claims. (Pl.'s Br., ECF No. 5 at 2, 4–7; Pl.'s Reply Br., ECF No. 12 at 1–2 (citing *Byrne v. Noem*, No. 25-1077, 2025 WL 2414159 (E.D. Pa. Aug. 20, 2025); *Saavedra Estrada v. Mayorkas*, 703 F. Supp. 3d 560 (E.D. Pa. 2023); *Abulsheour v. Mayorkas*, No. 24-548, 2024 WL 5170742 (E.D. Pa. Dec. 19, 2024); *Daraji v. Monica*, No. 07-1749, 2008 WL 183643 (E.D. Pa. Jan. 18, 2008))). Although those cases are factually similar to the case at bar, they are not binding upon this Court, and this Court respectfully disagrees with their conclusions regarding subject matter jurisdiction. Instead, the Court follows the "prevailing rule in this District," *Oladoja*, 2025 WL 880010, at \*5, and the majority view among district courts nationwide, which have concluded, "for a variety of reasons, that judicial review is precluded" over unreasonable-delay claims like Plaintiff's, *Gonzales v. Moran*, 724 F. Supp. 3d 1203, 1209 (E.D. Wash. 2024). *See also Qiu v. Chertoff*, 486 F. Supp. 2d 412, 420–21

---

[2] All that said, courts in this District have recognized that an agency's "discretion is not unfettered" and that, in some circumstances, a delay in "adjudicating a visa application amounts to an unlawful abdication" of a nondiscretionary duty. *Azam*, 2024 WL 912516, at \*8. Here, however, Plaintiff alleges "nothing more than ordinary, albeit frustrating, delays in the immigration process and the adverse effects that flow therefrom." *Oladoja v. U.S. Dep't of State*, No. 24-1143, 2025 WL 880010, at \*5 (D.N.J. Mar. 21, 2025). And "absent a showing of impropriety by Defendants or that an agency is compelled by law to act within a time certain, the Court lacks jurisdiction." *Id.* at \*5.

(D.N.J. 2007); *Khanna v. Mayorkas*, No. 21-8712, 2021 WL 2621566, at \*6–7 (D.N.J. June 25, 2021); therefore[3]

 **IT IS HEREBY** on this <u>7th</u> day of <u>August</u>, 2026,

 **ORDERED** that the Complaint, (ECF No. 1), is **DISMISSED** for lack of subject matter jurisdiction; and it is finally

 **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[3] Because the Court concludes that it lacks jurisdiction over Plaintiff's claims under the APA and the Mandamus Act, it need not reach Defendants' alternative argument as to 8 U.S.C. § 1252(a)(2)(B)(ii), which precludes judicial review of certain "decision[s] or action[s]" committed by statute to the discretion of the DHS Secretary. Nevertheless, the Court notes that its application here is less clear than Defendants and some decisions in this District suggest. (*See* Defs.' Br., ECF No. 9 at 2 (citing *Lemus v. McAleenan*, No. 20-3344, 2021 WL 2253522, at \*5 (D.N.J. June 3, 2021) (concluding that delayed processing of a visa application constitutes an "action" under § 1252(a)(2)(B)(ii))). Indeed, at least one court of appeals has rejected Defendants' interpretation, and persuasively so. *See Lovo v. Miller*, 107 F.4th 199, 208 & n.9 (4th Cir. 2024). Thus, although the Court follows prior decisions in this District concerning jurisdiction under the APA and the Mandamus Act, it declines to address the less-settled question of whether Section 1252(a)(2)(B)(ii) also applies and precludes judicial review.